UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM DANIEL KAVANAUGH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-cv-2023-AGF |
| | ) | |
| TIMOTHY LOWERY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of plaintiff William Daniel Kavanaugh, a prisoner, for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $49.96. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will partially dismiss the complaint, and direct the Clerk of Court to issue process or cause process to be issued on the non-frivolous portions of the complaint.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's

account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement showing an average monthly balance of $249.78. The Court will therefore assess an initial partial filing fee of $49.96, which is twenty percent of plaintiff's average monthly balance.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but "does not accept as true any legal conclusion couched as a factual allegation").

*Pro se* complaints must be liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that if the essence of an allegation is discernible, the court should construe the complaint in a way that permits the plaintiff's claim to be construed within the proper legal framework. *Solomon v. Petray,* 795 F.3d 777, 787 (8th Cir. 2015). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004). Additionally, giving a *pro se* complaint the benefit of a liberal construction does not mean that procedural rules must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against the Florissant Missouri Police Department, Police Chief Timothy Lowery, Detective Unknown Osmond, and law enforcement officers John Doe 1 – 3. Plaintiff sues the individual defendants in their official and individual capacities.

Plaintiff claims that Osmond and John Does 1-3 violated his rights guaranteed by the United States Constitution during a July 27, 2018 traffic stop that occurred on a highway on-ramp between noon and 1:00 p.m. in Florissant, Missouri. According to the complaint, Osmond pulled plaintiff over and asked him to exit the vehicle. Plaintiff allowed Osmond to pat him down for weapons. Osmond asked for permission to search the vehicle, but plaintiff declined. Osmond then placed plaintiff in handcuffs and proceeded to illegally search the vehicle.

Osmond searched the vehicle very thoroughly, inside and out, but did not find anything. During the search, Doe 1 stood guard over plaintiff.

Osmond then said he wanted to search plaintiff better. He said plaintiff could leave as long as he did not have anything illegal on him. Plaintiff gave Osmond permission to search his pockets. Osmond said he wanted to strip search plaintiff, but that he could not do it in a public place. Plaintiff refused to consent to the strip search, and he refused to go anywhere with Osmond. Osmond returned to the vehicle and searched it again, but found nothing. He then took plaintiff to the side of his car. While plaintiff was still in handcuffs, Osmond unfastened plaintiff's belt, pulled down his pants and underwear, and used his hands as well as a cold metal object to spread plaintiff's buttocks apart and poke at his genitals. Plaintiff characterizes this as an illegal strip search, and also as a sexual assault. During the strip search, Doe 1 watched, but did not intervene or do anything to protect plaintiff from Osmond. The strip search yielded nothing.

Osmond had removed plaintiff's handcuffs and was about to release him when John Does 2 and 3 arrived on the scene. Without plaintiff's consent, a warrant, or probable cause, Does 2 and 3 searched plaintiff's vehicle. One of them said he found something. Osmond then placed the handcuffs back on plaintiff, and locked him in his police car. At this point, the window was rolled down slightly, and the air conditioning was on. Osmond spoke to the other officers and then told plaintiff he would let him leave if he cooperated, but that if he refused to cooperate, Osmond would convince plaintiff's parole officer to issue a parole violation warrant for his arrest. Plaintiff said he had no information, and therefore could not cooperate. Osmond then rolled up the car's windows and turned off the air conditioner, leaving plaintiff locked inside the hot car. Osmond also contacted plaintiff's parole officer and, even though plaintiff had not been

charged with any crimes, told the agent that plaintiff had been charged with new felony drug charges. Plaintiff was then taken to the Florissant Police Department. Before plaintiff was charged or booked, Osmond strip searched him a second time, inside an interview room, with audio/video equipment present. Plaintiff alleges he has yet to be charged with any offenses related to that traffic stop.

Plaintiff alleges that the actions of Osmond and the Doe defendants were "a reflection of the Florissant Missouri Police Department's policy and proper procedure, then Police Chief Timothy Lowery as well as the Florissant Missouri Police Department should be held equally at fault." (Docket No. 1 at 3).

Plaintiff seeks monetary damages, and he asks that his court costs be paid. He also appears to ask the Court to compel the criminal prosecution of Osmond and Doe 1.[1]

## Discussion

Plaintiff's claims against the Florissant Police Department are legally frivolous, and will be dismissed. The Florissant Police Department is not an entity that can be sued pursuant to 42 U.S.C. § 1983. *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (1992) (departments or subdivisions of local government are "not juridical entities suable as such."). In addition, the complaint fails to state an actionable claim under *Monell v. Dept. of Social Services of City of New York,* 436 U.S. 658, 690-91 (1978), as would be necessary to substitute the municipality as a defendant.

Plaintiff's official capacity claims against Osmond and the Doe defendants are also legally frivolous, and will be dismissed. Naming a government official in his official capacity is

---

[1]This Court cannot compel a criminal prosecution. In addition, plaintiff does not have a legally cognizable interest in having another person arrested or charged with a crime, or to have a crime investigated. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").

5

the equivalent of naming the government entity that employs him, which in this case is the Florissant Police Department. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). As noted above, this entity cannot be sued under § 1983. *See Ketchum*, 974 F.2d at 82.

Plaintiff's allegations against Lowery fail to state a claim upon which relief may be granted. In the complaint, plaintiff does not allege that Lowery was directly involved in or personally responsible for specific violations of his constitutional rights. Instead, plaintiff's claims against Lowery sound in *respondeat superior.* "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (to be cognizable under § 1983, a claim must allege that the defendant was personally involved in or directly responsible for the incidents that deprived the plaintiff of his constitutional rights). Claims sounding in *respondeat superior* are not cognizable under § 1983. *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995). The Court will therefore dismiss Lowery from this action.

The Court now turns to plaintiff's individual capacity claims against Osmond and the Doe defendants. The Court concludes that Plaintiff's allegations against Osmond and the Doe defendants survive initial review. The Court further concludes that plaintiff has alleged sufficient facts to permit identification of the Doe defendants following reasonable discovery. The Court will therefore direct the Clerk of Court to serve process upon Osmond in his individual capacity, and will not dismiss the individual capacity claims against the Doe defendants at this time.

Plaintiff has also filed a motion to appoint counsel. The Court will deny the motion at this time, without prejudice. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998).

When determining whether to appoint counsel for an indigent litigant, the Court considers factors such as the complexity of the case, the ability of the *pro se* litigant to investigate the facts, the existence of conflicting testimony, and the ability of the *pro se* litigant to present his claims. *Id.* After considering these factors, the Court concludes that the appointment of counsel is not warranted at this time. Based upon the complaint, it does not appear that this case is factually or legally complex, nor does it appear that plaintiff will be unable to investigate the facts. In addition, the motion is premature, as no defendant has been served with process, and discovery has not begun. The Court will therefore deny the motion for the appointment of counsel without prejudice, and will entertain future motions for the appointment of counsel, if appropriate, as this litigation progresses.

Finally, plaintiff has filed a Motion for Service of Process at Government Expense. As noted above, the Court has determined that plaintiff is authorized to proceed *in forma pauperis* in this action. He is therefore entitled to have the summons and complaint served at no expense to him. *See* 28 U.S.C. § 1915(d). The motion is therefore moot, and will be denied as such.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (Docket No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $49.96 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Florissant Police Department is **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that plaintiff's official capacity claims against Unknown Osmond and John Does 1-3 are **DISMISSED.**

**IT IS FURTHER ORDERED** that Timothy Lowery is **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket No. 2) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Service of Process at Government Expense (Docket No. 5) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the complaint as to defendant Unknown Osmond in his individual capacity. Defendant shall be served by issuance of summons and service by the U.S. Marshal's Service at the Florissant Police Department, 1700 US-67, Florissant, Missouri 63033.

A separate order of partial dismissal will be entered herewith.

Dated this 13th day of February, 2019.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE