# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| WILLIAM DANIEL KAVANAUGH, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:18-cv-2023-AGF |
| TIMOTHY LOWERY, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of the file. For the reasons discussed below, this case will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Plaintiff initiated this civil action on December 3, 2018 by filing a complaint pursuant to 42 U.S.C. § 1983 against, *inter alia*, "Detective Osmond" and three "John Doe" defendants. He alleged that Osmond and the Doe defendants engaged in wrongdoing while conducting a traffic stop and arrest on July 27, 2018. Following initial review, the Court partially dismissed the complaint, and directed that Osmond be served with process.

On March 13, 2019, "Defendant 'Unknown Osmond,' believed to be Dustin Edwards" filed a Motion to Quash Service. Therein, he contended that plaintiff had apparently misidentified the defendant, and he provided documentation in support. He also averred he had notified plaintiff that Dustin Edwards would waive service of process if plaintiff amended the complaint to name him as a defendant.

On March 27, 2019, after plaintiff failed to timely respond to the motion, the Court *sua sponte* entered an order giving him additional time to do so. In that order, the Court clearly explained the issues presented by the motion, provided plaintiff a form to use to file an amended

complaint, and cautioned him that his failure to timely respond to the order may result in the dismissal of his case. Plaintiff failed to respond to that order, and on June 24, 2019, the Court entered an order granting the Motion to Quash Service. The Court also instructed plaintiff to advise the Court in writing whether he intended to prosecute his case against Osmond, and cautioned him that his failure to respond would result in the dismissal of his case. Plaintiff's response was due on July 8, 2019. However, to date, he has neither complied with the Court's order nor sought additional time to do so.

The situation before the Court is one in which plaintiff failed to respond to the Motion to Quash Service, and then failed to comply with two Court orders: the March 27, 2019 order directing him to respond to the Motion to Quash Service and giving him an opportunity to file an amended complaint, and the June 24, 2019 order directing him to advise the Court whether he intended to prosecute his case against Osmond. In both orders, plaintiff was given meaningful notice of what was expected, cautioned that his case would be dismissed if he failed to timely comply, and given ample time to comply. Additionally, plaintiff has neither prosecuted his case against Osmond nor amended his complaint to name the proper defendant, leaving this case pending only against three "Doe" defendants who cannot be served with process. The Court will therefore dismiss this case due to plaintiff's failure to comply with the Court's March 27, 2019 and June 24, 2019 orders, and his persistent failure to prosecute his case. Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (the authority of a court to dismiss *sua sponte* for lack of prosecution is inherent power governed "by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order). Nothing in this

Memorandum and Order should be construed as precluding plaintiff from bringing a new civil action based upon the events described in the complaint.

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 19th day of July, 2019.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE