# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM DANIEL KAVANAUGH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-cv-2023-AGF |
| | ) | |
| TIMOTHY LOWERY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This closed civil matter is before the Court upon plaintiff William Daniel Kavanaugh's Motion to Re-Open Case. (ECF No. 22). For the reasons discussed below, the Court will deny the motion.

## Background

Plaintiff initiated this action on December 3, 2018 by filing a complaint pursuant to 42 U.S.C. § 1983 against, inter alia, "Detective Osmond" and three "John Doe" law enforcement defendants. At the time he filed the complaint, he was incarcerated in Illinois at the Big Muddy River Correctional Center. Plaintiff's claims stemmed from a July 27, 2018 traffic stop and arrest. Briefly, plaintiff alleged that Osmond illegally searched his car and conducted an illegal strip search, that Doe 1 failed to intervene, and that Does 2 and 3 illegally searched his car.

On February 7, 2019, plaintiff filed a notice of change of address with this Court, advising that his mailing address had changed to a private residence, 117 Henry Street, East Alton, Illinois, 62024. The Court conducted initial review of plaintiff's complaint, and on February 13, 2019 entered an order partially dismissing the complaint and directing that defendant Osmond be served with process.

On March 13, 2019, "Defendant 'Unknown Osmond,' believed to be Dustin Edwards" filed a Motion to Quash Service. Therein, he contended that plaintiff had apparently misidentified the defendant as "Unknown Osmond" when the actual identity of the defendant appeared to be "Dustin Edwards." He provided documentation in support of his contention. He also averred he had notified plaintiff that Dustin Edwards would waive service of process if plaintiff amended the complaint to name him as a defendant.

Plaintiff failed to respond to the motion, and on March 27, 2019, the Court sua sponte entered an order giving him additional time to do so. In that order, the Court clearly explained the issues presented by the motion, provided plaintiff a form to use to file an amended complaint, and cautioned him that his failure to timely respond to the order may result in the dismissal of his case. Plaintiff failed to respond to that order.

On June 24, 2019, the Court entered an order granting the Motion to Quash Service. The Court also gave plaintiff an additional opportunity to prosecute his case by giving him more time to advise the Court whether he intended to do so. In that order, the Court again cautioned plaintiff that his failure to respond would result in the dismissal of his case. Plaintiff's response was due on July 8, 2019, but he filed nothing. On July 19, 2019, the Court dismissed the case pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, due to plaintiff's failure to comply with the Court's March 27, 2019 and June 24, 2019 orders and his persistent failure to prosecute his case. The Court also noted that plaintiff's failure to prosecute his case against Osmond or amend his complaint to name a proper defendant left the case pending only against three "Doe" defendants who could not be served with process. Thirty-two days later, on August 20, 2019, plaintiff filed the instant motion seeking to re-open the case. In support, he avers as follows.

Plaintiff was incarcerated in Illinois "following the illegal investigation on July 27, 2018 by Detective Dustin Edwards and the report of false facts, by Detective Osmond" to plaintiff's parole officer. (ECF No. 22 at 2). On November 28, 2018, criminal charges were filed against plaintiff in St. Louis County Circuit Court, stemming from the July 27, 2018 traffic stop. He posted bail at the St. Louis County Justice Center on an unspecified date.

Plaintiff avers the address he provided to this Court on February 7, 2019 "was no longer my residence; however, it was my mailing address only, in which I could only retrieve my mail at the convenience of resident [name omitted], which did not work well in my favor, when it came to receiving legal mail, which included Court orders and deadlines." *Id.* at 3. From "late March 2019" to "late April 2019" plaintiff was in Las Vegas, Nevada due to a family emergency. *Id.*

On or about May 5, 2019, plaintiff was arrested in Illinois and incarcerated in the Alton City Jail. While there, plaintiff "did not have access to the courts, to submit a change of address and all the efforts I did make, were thwarted by authorities." *Id.* at 4. Several days later, plaintiff was transferred to the Madison County Jail "where again, [plaintiff] did not have access to the courts, to submit a change of address and all the efforts I did make were thwarted by authorities." *Id.* On July 19, 2019, the day this action was dismissed, plaintiff was transferred to the Macoupin County Illinois Sheriff's Department. On July 21, 2019, he submitted a notice of change of address to this Court, providing the address of the Macoupin County Sheriff's Department.

Plaintiff avers he has tried to find information relevant to his case. He attached to the motion copies of requests he made pursuant to the Freedom of Information Act and the Missouri Sunshine Law on November 14, 2018, December 19, 2018, and August 6, 2019, seeking information about his July 27, 2018 arrest. He avers he intends to prosecute his case against

3

Osmond because Osmond gave false information to his parole officer. Plaintiff does not mention the allegations he set forth in the complaint.

**Discussion**

Plaintiff did not frame his motion under the Federal Rules of Civil Procedure, but it can be considered the functional equivalent of a motion under Rule 60(b). Rule 60(b) allows the court to relieve a party from a final judgment for, among other reasons, mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60(b)(1). In the instant motion, plaintiff argues he is entitled to relief because his noncompliance was due to his failure to receive the Court's orders. Plaintiff admits he did not receive the Court's orders because he neglected to keep the Court informed of the mailing address where case-related papers should be sent, but he argues his neglect should be excused because: (1) the address he provided to this Court on February 7, 2019 was not actually his residence and he could not reliably retrieve his mail there; (2) he was with family in Las Vegas, Nevada from late March 2019 until late April 2019; and (3) from May 5, 2019 to sometime in July 2019, "authorities" at the Alton City Jail and the Madison County Jail "thwarted" his attempts to notify this Court of his new address. Based upon these contentions, plaintiff can be understood to claim entitlement to relief based upon excusable neglect.

"Excusable neglect, necessarily, has two components: (1) neglect or noncompliance and (2) that is excusable." *In re Guidant Corp. Implantable Defibrillators Products Liability Litigation*, 496 F.3d 863, 866 (8th Cir. 2007). Here, plaintiff admits he was noncompliant with the Court's prior orders and that he failed to prosecute his case. The only dispute, therefore, is whether plaintiff's conduct was excusable. In assessing whether conduct is excusable, courts consider several factors, including: (1) the danger of prejudice to the non-moving party; (2) the length of

the delay and its potential impact on judicial proceedings; (3) whether the movant acted in good faith; and (4) the reason for the delay, including whether it was within the reasonable control of the movant. *Id.* at 866-67 (citing *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993)); *see also* G*iles v. Saint Luke's Northland-Smithville,* 908 F.3d 365, 368 (8th Cir. 2018). "These four *Pioneer* factors do not carry equal weight; the reason for delay is a key factor in the analysis." *In re Guidant Corp.*, 496 F.3d at 867 (citation omitted).

The first two *Pioneer* factors do not weigh significantly against plaintiff, but they do not weigh in his favor, either. While plaintiff's noncompliance cannot be said to have significantly prejudiced the non-moving party, it is notable that defense counsel was required to expend time and effort in this matter until it was dismissed. The length of the delay was not outrageously long, but it was not insignificant either. Additionally, the Court expended time and resources addressing the issues presented and engaging in repeated futile efforts to give plaintiff the opportunity to respond to court orders and prosecute his case.

The third factor – whether plaintiff acted in good faith – weighs against him. The Local Rules of this Court require all pro se parties to promptly notify the Clerk of any change of mailing address. *See* E.D. Mo. L.R. 2.06(B). This requirement is not only published in the Court's Local Rules, it is clearly printed on the complaint form that plaintiff prepared and signed under penalty of perjury.[1] Even so, plaintiff admits that on February 7, 2019, he knowingly gave the Court a mailing address that was neither his residence nor a place he could reliably retrieve his mail. Nothing before the Court permits the conclusion that plaintiff made any attempt to mitigate that

---

[1] That section of the complaint form states: "I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case." (ECF No. 1 at 12).

situation by communicating with the Court to ensure that he received case-related papers. While it does not appear that plaintiff willfully concealed his whereabouts, he clearly displayed a lack of regard for the rules imposed by this Court. It therefore cannot be said that plaintiff acted in good faith.

The fourth and most important factor also weighs against plaintiff. Plaintiff offers three primary reasons for his failure to comply with the Court's orders: (1) the mailing address he provided was not his residence and he could not reliably retrieve his mail there; (2) he was in Las Vegas, Nevada from late March 2019 through approximately April of 2019 because of a family emergency; and (3) from approximately May 5, 2019 to sometime in July 2019, "authorities" "thwarted" his efforts to notify this Court where to send case-related papers. None of these reasons excuse plaintiff's noncompliance with the Court's orders. First, as discussed above, plaintiff was fully in control of providing his address to the Court on February 7, 2019, and he knowingly provided one that was not his residence and where he could not reliably retrieve his mail. Plaintiff then failed to take any action to ensure he received case-related papers until more than five months later. Second, while the Court is sympathetic to plaintiff's family emergency, it does not automatically excuse his noncompliance. Plaintiff's situation did not divest him of his duty to provide the Court with an address to which case-related papers could be sent, and it cannot be said that he lacked control over whether he did so. Plaintiff makes no attempt to explain why he made no effort to ensure he would receive case-related papers during the approximately one month he was out of state, or even simply notify the Court about his situation. Finally, plaintiff's statements that "authorities" "thwarted" his efforts to notify this Court of his change of address are vague and conclusory. Plaintiff makes no attempt to describe what he did to try to notify this Court of his

change of address, he makes no attempt to identify or even quantify the "authorities" involved, and he makes no attempt to describe what was done to hinder him. The Court therefore concludes that none of the reasons plaintiff offers excuse his noncompliance with the court orders.

Having considered the *Pioneer* factors, the Court concludes that plaintiff is not entitled to relief under Rule 60(b)(1).

Rule 60(b) also contains a "catchall" category, allowing the court to relieve a party from a final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). "Rule 60(b)(6) allows for relief only in 'extraordinary circumstances.'" *Raymond v. United States*, 933 F.3d 988, 991 (8th Cir. 2019) (citations omitted). Extraordinary circumstances are not present whenever a party is subjected to unfavorable consequences because of a judgment at which a court properly arrived. *In re Guidant,* 496 F.3d at 868. Circumstances are extraordinary when they "have denied the moving party a full and fair opportunity to litigate his claim" and prevented him "from receiving adequate redress." *Murphy v. Missouri Dept. of Corrections,* 506 F.3d 1111, 1117 (8th Cir. 2007). Here, there are no extraordinary circumstances warranting relief. As explained above, plaintiff had a full and fair opportunity to prosecute his case and comply with court orders, and his failure to do so is attributable only to him.

For the foregoing reasons, plaintiff's Motion to Re-Open Case, liberally construed as a motion for relief under Rule 60(b), is denied. To the extent plaintiff can be understood to seek relief under Rule 59(e) of the Federal Rules of Civil Procedure, the motion is denied because it was filed more than 28 days after the entry of the judgment, and because it fails to point to any manifest errors of law or fact, or any newly discovered evidence.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion to Re-Open Case (ECF No. 22) is **DENIED.**

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (ECF No. 20) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal would not be taken in good faith.

Dated this 14th day of January, 2020.

                                          AUDREY G. FLEISSIG
                                          UNITED STATES DISTRICT JUDGE